UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. George Maddison Venters**                    **Docket No. 4:12-CR-87-1BO**

### Petition for Action on Supervised Release

COMES NOW Tuell Waters, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of George Maddison Venters, who, upon an earlier plea of guilty to Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1), was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on May 23, 2013, to the custody of the Bureau of Prisons for a term of 160 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for life.

George Maddison Venters was released from custody on January 12, 2024, at which time the term of supervised release commenced.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Upon commencement of supervision, a sex offender assessment was completed with recommendation that Venters participate in sex offender treatment, polygraph examinations, and several other specific recommendations. Therefore, it is respectfully recommended that the condition requiring the defendant to participate in the NCE Sex Offender Program be removed in lieu of the specific conditions of supervision listed below. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

2. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

3. The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

4. The defendant shall not enter adult bookstores, sex shops, clubs, or bars with exotic or topless dancers, or massage parlors.

5. The defendant shall not possess children's clothing, toys, games, etc., without permission of the U.S. Probation Officer.

6. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

7. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

8. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

9. The defendant shall not loiter within 300.feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

10. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

11. The defendant shall not possess sadomasochistic/MASO bindings, restraints, handcuffs, etc.

12. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

13. The defendant shall not purchase, possess, or control any cameras, camcorders, or movie cameras without prior approval of the U.S. Probation Office.

14. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen.

15. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

16. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.

17. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or. data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

18. The condition requiring the defendant to "abide by the rules and regulations of the NCE Sex Offender Program" is hereby removed from the conditions of supervision.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Tuell Waters
Tuell Waters
Senior U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2344
Executed On: April 11, 2024

## ORDER OF THE COURT

Considered and ordered this _____ 12 _____ day of _____ April _____, 2024, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
United States District Judge